UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAN TAPP | CIVIL ACTION |
| VERSUS | NO. 08-1134 |
| GULF STREAM COACH, INC.,et al. | SECTION "N" |

## ORDER AND REASONS

Presently before the Court are Defendant Fleetwood Enterprises, Inc.'s motion to dismiss (Rec. Doc. 56), Defendant Shaw Environmental Inc.'s motion for summary judgment (Rec. Doc. 63), and Defendant Crown Roofing Services, Inc.'s motion for summary judgment (Rec. Doc. 58). For the reasons stated herein, **IT IS ORDERED** that these motions are **GRANTED**, and that Plaintiff's claims against these three defendants are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

As explained by Plaintiff's submissions in this action, she was provided temporary housing, following Hurricane Katrina, by the Federal Emergency Management Agency ("FEMA"), pursuant to a lease with FEMA. That lease applied to a trailer housed in a commercial trailer park at 29 East Airline Drive, Kenner, Louisiana, bearing VIN 1NLIGTR2X61027628, Bar Code # 1299373. For the sake of clarity, the Court refers to this trailer, which was leased to her, as "Trailer 1". On February 27, 2007, however, Ms. Tapp occupied a similar FEMA trailer that caught fire.

Plaintiff alleges that the second trailer was completely destroyed by the fire, and that she sustained substantial personal injuries, including but not limited to, burns to her body. The second, destroyed trailer, which also was located at 29 E. Airline Drive, was assigned VIN 1EB1F3226150426, Bar Code # 1275140. For the sake of clarity, the Court refers to this trailer as "Trailer 2". Trailer 2 was not leased to Plaintiff.

On February 26, 2008, Plaintiff filed suit against former defendants Gulf Stream Coach, Inc., Fluor Enterprises, Inc., Del-Jen, Inc., and Atwood Mobile Products, Inc. Plaintiff alleged that these defendants manufactured, installed, and/or maintained the trailer that she had leased, Trailer 1, and/or some of its component parts. She sought to recover damages proximately caused by the February 27, 2007 fire. All of these defendants have subsequently been dismissed from the suit. *See* Rec. Doc. Nos. 42,

Eventually, it apparently was realized that the trailer that had caught fire, resulting in Plaintiff's injuries, was not the trailer that she had leased, Trailer 1; rather, the pertinent trailer was the one that she occupying on the date of the fire, Trailer 2.[1] Following this realization, Plaintiff sought leave, on June 9, 2008, to file her Supplemental and Amending Complaint. *See* Rec. Doc. No. 35. The Court granted leave on June 10, 2008. *See* Rec. Doc. No. 38, 46-47, and 54.

Plaintiff's June 13, 2008 Supplemental and Amending Complaint names Fleetwood Enterprises, Inc., Shaw Environmental Inc., and Crown Roofing Services, Inc., as defendants, and alleges that these entities manufactured, installed, and/or maintained Trailer 2. *See* Rec. Doc. No.

---

[1] Plaintiffs' Supplemental and Amending Complaint alleges that, "on or about the 27th day of February, 2007, plaintiff was standing in the door of [Trailer 2] when suddenly and without warning she became completely engulfed in flames causing her to sustain second and third degree burns to over 60% of her body." *See* Rec. Doc. No. 39, ¶4.

39. As such, Plaintiff seeks to hold them liable for the damages she suffered as a result of the February 27, 2007 fire.

## LAW AND ANALYSIS

With the three motions presently before the Court, Defendants, Fleetwood Enterprises, Inc., Shaw Environmental Inc., and Crown Roofing Services, Inc., each seek dismissal on grounds that suit was not timely filed against them, *i.e.* within one year from the February 27, 2007 fire. *See* La. Civ. Code art. 3492 (establishing one-year prescriptive period for delictual actions). In response, Plaintiff contends that her suit against these three defendants, instituted by her June 2008 Supplemental and Amending Complaint, actually is timely because, under Rule 15(c) of the Federal Rules of Civil Procedure, it "relates back" to the date she filed her original complaint – February 26, 2008. The Court disagrees.

As these defendants contend, even if the claims filed against them arise out of the same transaction or occurrence set forth in the original complaint, the other requirements of Rule 15(c) for "relating back," relative to added parties, are not satisfied. Specifically, there is no indication that these three defendants received any notice of Plaintiff's lawsuit until they received the June 2008 Supplemental and Amending Complaint. Such notice came well after the 120-day service period established by Rule 4(m) of the Federal Rules of Civil Procedure and utilized by Rule 15(c). Nor is it apparent that these three defendants "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). The mere fact that these defendants also were manufacturing, installing, and/or maintaining FEMA trailers in New Orleans, Louisiana, during the same time period does not impute such knowledge upon them. Nor is there any showing that these defendants

have a "identify of interest" with the original defendants. *See Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (notice inferred if original and added defendants have "identity of interest"). Under these circumstances, Rule 15(c) offers no assistance to Plaintiff. *See, e.g., Jacobsen,* 133 F.3d 319-22; *Joseph v. Port of New Orleans*, Civ. Action No. 99-1622, 2002 WL 342424, *13-15 (E. D. La. 03/04/2002), *aff'd*, 55 Fed. Appx. 717 (5th Cir. 2002).[2] Accordingly, her claims against Defendants Fleetwood Enterprises, Inc., Shaw Environmental Inc., and Crown Roofing Services, Inc., are untimely.

New Orleans, Louisiana, this 11th day of February 2009.

_____
**Kurt D. Engelhardt**
**United States District Judge**

---

[2] The same is true under Louisiana law. *See Ray v. Alexandria Mall*, 434 So.2d 1083 (La. 1983) (applying La. Code Civ. Pr. art. 1153).