UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWAN TAPP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1134** |
| **GULF STREAM COACH, INC.,et al.** | **SECTION "N"** |

## ORDER AND REASONS

Presently before the Court is the motion for summary judgment (Rec. Doc. 126), filed by Defendants Whirlpool Corporation and Maytag Corporation. Although movants requested oral argument relative to this motion, the Court, having reviewed the record, the parties' submissions, and applicable law, does not find oral argument to be warranted. Thus, **IT IS ORDERED** that movants' request for oral argument (Rec. Doc. 27) is **DENIED** and the previously scheduled August 10th hearing is **CANCELLED**.[1] Additionally, for the reasons stated herein, **IT IS ORDERED** that the motion for summary judgment is **GRANTED**, and Plaintiff's claims against these two defendants are **DISMISSED WITH PREJUDICE**.

---

[1] Counsel were notified of the cancellation of the August 10th hearing via electronic mail on Tuesday August 9, 2011.

**BACKGROUND**

On February 26, 2008, Plaintiff filed suit against Gulf Stream Coach, Inc., Fluor Enterprises, Inc., Del-Jen, Inc., and Atwood Mobile Products, Inc., seeking to recover compensatory damages proximately caused on or about February 27, 2007. In her original complaint, Plaintiff alleged that the aforementioned defendants manufactured, installed, and/or maintained the trailer that she had leased, and/or some of its component parts. All of these defendants subsequently were dismissed from the suit. *See* Rec. Doc. 42. Thereafter, Plaintiff sought leave, on June 9, 2008, to file her Supplemental and Amending Complaint. *See* Rec. Doc. 35. The Court granted leave on June 10, 2008. *See* Rec. Docs. 38, 46-47, and 54. Plaintiff's June 13, 2008 Supplemental and Amending Complaint names Fleetwood Enterprises, Inc., Shaw Environmental Inc., and Crown Roofing Services, Inc., as defendants, alleging that these entities manufactured, installed, and/or maintained the trailer at issue. *See* Rec. Doc. 39.

Thereafter, the Court granted motions to dismiss as to Fleetwood, Shaw, and Crown. *See* Rec. Doc. 79. On appeal, the Fifth Circuit affirmed the dismissal of Crown, but concluded that the claim against Shaw survived because, under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, it "related back" to the timely filing of the original complaint on February 26, 2008. *See Tapp v. Shaw Environmental, Inc.*, 401 Fed Appx. 930, 2010 WL 4608800 (5th Cir.) (Rec. Doc. No. 90).

On January 11, 2011, almost four years after the trailer fire, Plaintiff filed her Second Supplemental and Amending Complaint against Shaw and Maytag Corporation. *See* Rec. Doc. 93. Therein, she alleges, for the first time, that Maytag manufactured component parts of the trailer, including the propane tank and range. Then, on April 28, 2011, Tapp filed her Third Supplemental

and Amending Complaint adding Whirlpool Corporation as a defendant, alleging that Whirlpool has assumed all liabilities of Maytag. *See* Rec. Doc. 108.

## ANALYSIS

With the motion presently before the Court, Defendants Whirlpool and Maytag maintain dismissal is warranted because the suit was not timely filed against them, *i.e.* within one year from the February 27, 2007 fire. *See* La. Civ. Code art. 3492 (establishing one-year prescriptive period for delictual actions). For essentially the reasons stated in Defendants' memoranda, and based on the authorities referenced therein, the Court agrees.

As Defendants urge, Plaintiff's claims against Shaw were not timely filed, but instead survived only by "relating back" under Rule 15(c)(1)(C). *See, e.g., Krupski v. Costa Crociere S.A.*, 130 S.Ct. 2485, 2489 (2010)(describing "relation back" as a way to allow a suit to go forward despite being "filed outside an applicable statute of limitations"). Thus, because Plaintiff's claims against Shaw were not timely filed within the applicable prescription period, they could not have timely interrupted prescription as to Maytag and Whirlpool based on principles of solidary liability. *See* La. Civ. Code art. 3462 (interruption of prescription by filing suit or service of process), and arts. 1799 and 3503 (interruption effective as to solidary obligors).

Nor does Rule 15(c)(1)(C) help Plaintiff in this instance. That provision saves claims filed against additional defendants after the expiration of the applicable prescription period only where a plaintiff has mistaken the identity of defendant who nevertheless has been given adequate notice of the claim. Here, however, it is evident that Plaintiff failed to sue Maytag and Whirlpool when she could have, not because of mistaken identity, but rather as part of deliberative and conscious case strategy. Rule 15(c)(1)(C) does not remedy such decisions. Rather, as the Supreme

3

Court confirmed in *Krupski*, "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." 130 S.Ct. at 2494.

Finally, Plaintiff's assertion that these defendants owe indemnity to Fleetwood likewise is to no avail. Even if true, which the Court does not decide, Plaintiff's otherwise untimely claims against these defendants are not rendered timely simply because they may have a duty of indemnity to another company. This is particularly true when, as here, Plaintiff consciously chose not to sue Maytag and Whirlpool when she previously could have.

Accordingly, for the foregoing reasons, the Court grants the motion for summary judgment filed by Defendants Whirlpool Corporation and Maytag Corporation. Thus, Plaintiff's claims against these defendants are dismissed with prejudice.

New Orleans, Louisiana, this 10th day of August 2011.

_____
**Kurt D. Engelhardt**
**United States District Judge**